**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1973
_____

UNITED STATES OF AMERICA

v.

FRANK J. CAPOZZI,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
No. 3-16-cr-00347-001
District Court Judge: Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
June 21, 2022

Before: MCKEE*, RESTREPO, AND BIBAS, *Circuit Judges*

(Opinion filed: October 27, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

* Judge McKee assumed senior status on October 21, 2022.

**McKEE**, *Circuit Judge*.

Frank Capozzi appeals the District Court's denial of his motion for reconsideration of his request for compassionate release from his sentence to a 70-month term of imprisonment. Capozzi entered a conditional guilty plea after being charged in a 20-count indictment with federal fraud and aggravated identity theft for stealing the identities of inmates in furtherance of the fraud. Soon after sentencing, Capozzi sent a letter to the District Court requesting a reduction in sentencing due to his health and COVID-19 concerns. The Court instructed the government to treat the letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

The District Court subsequently denied the motion. This appeal follows.

## I.[1]

Before a district court can consider a defendant's motion for compassionate release, a defendant must have "fully exhausted all administrative rights to appeal."[2] For a defendant to meet this requirement, the Bureau of Prisons must have thirty days to consider the defendant's request to move for compassionate release on his or her behalf.[3] In reconsidering its denial of the motion for compassionate release, the District Court acknowledged that there was still an issue with exhaustion. But "[a]ccording to

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3582. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We consider the failure to exhaust de novo. *Hardy v. Shaikh*, 959 F.3d 578, 584 (3d Cir. 2020). We review a district court's denial of compassionate release for abuse of discretion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *Id.*

Defendant, he sent a request to the warden" of the detention center that was holding him until his transfer to the Federal Bureau of Prisons custody.[4] This attempt fails to satisfy the exhaustion requirement, however, because it is postmarked only twenty days prior to when Capozzi filed his motion seeking compassionate release. Accordingly, Capozzi did not wait the requisite thirty days.[5] Capozzi does not address this issue on appeal. On the exhaustion issue alone, we therefore affirm the District Court.

Because Capozzi claimed he attempted to exhaust his administrative right to appeal, the District Court considered the merits of his motion to reconsider.[6] Assuming arguendo that Capozzi did properly exhaust his administrative rights to appeal and the matter were properly before the District Court, we would still affirm the court's denial of relief. In deciding whether to grant compassionate release, a district court must consider the relevant factors under 18 U.S.C. § 3553(a) and determine if they weigh in favor of compassionate release.[7] The District Court made this consideration. It reasonably concluded that several of the factors, "particularly the need for the sentence to reflect the seriousness of the offense, adequate punishment and deterrence, and protection of the

---

[4] Dkt. 302 at 4.

[5] *See* 18 U.S.C. § 3582(c)(1)(A).

[6] It is unclear whether Capozzi's attempt would constitute exhaustion even if he had waited the thirty days. The warden responded a few months later denying the request because Capozzi was not in BOP custody. According to the government, he was awaiting transfer to BOP custody at the time. It appears that the District Court went on to assess the merits because of this factual wrinkle. Dkt. 302 at 4 ("In these circumstances, the Court will assume *arguendo* that administrative exhaustion has been satisfied and proceed with the requisite analysis."). But reaching the merits was likely unnecessary as this is further evidence of his failure to exhaust because he did not send his request to the BOP.

[7] 18 U.S.C. § 3582(c)(1).

public," "strongly" counseled against compassionate release. We see no reason to find the District Court abused its discretion in coming to this conclusion.

## II.

For the reasons described above, we therefore affirm the District Court.